Filed 3/6/13  P. v. Williams CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HEATHER AMY WILLIAMS,<br><br>    Defendant and Appellant. | A134255<br>A135662<br><br>(Sonoma County Super. Ct.<br>Nos. SCR-460189, SCR-467468<br>& SCR-606017) |

Appellant Heather Amy Williams challenges the calculation of postsentence conduct credits she was awarded under Penal Code section 4019.  We affirm.

PROCEDURAL BACKGROUND

On November 22, 2011, the Sonoma County Superior Court sentenced appellant on three separate cases to an aggregate county jail term of five years comprised of an upper term of three years for unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) in case No. SCR-460189 and three consecutive eight-month subordinate terms for unlawful possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in case No. SCR-460189, receiving stolen property (Pen. Code, § 496, subd. (a)) in case No. SCR-467468, and second degree commercial burglary (*id.*, § 459) in case No. SCR-606017.  Pursuant to the recently enacted realignment legislation, the court ordered appellant to serve her sentence in county jail (*id.*, § 1170, subd. (h)).

1

At the time of sentencing, appellant argued for additional presence credit, but the trial court denied that request.[1]  A notice of appeal (A134255) from the sentence was filed on January 3, 2012.

Following appellant's commitment to county jail, the sheriff calculated appellant's Penal Code section 4019 postsentence conduct credits.  Appellant challenged the calculation on April 12, 2012, by moving in the trial court for additional presence and postsentence credits.  Both parties agree the trial court denied the motion for presence credits, but did not rule on the challenge to the postsentence credits calculated by the sheriff.  Appellant separately appealed this ruling (A135662).  On June 29, 2012, this court ordered both appeals consolidated.

ANALYSIS

Appellant challenges her award of postsentence credits on both statutory and constitutional grounds.  "In sum, pursuant to [Penal Code] section 4019 as well as established state and federal constitutional principles of equal protection, the [s]heriff erroneously calculated appellant's release date by refusing to award her day-for-day postsentence credits."  However, in these direct appeals of trial court rulings in appellant's criminal cases, we lack jurisdiction to rule on this matter.  As appellant concedes, she has been released from custody and the issue is moot.  Appellant argues we should exercise our discretion to rule on the issue despite its mootness.  We decline to do so.  When "an otherwise moot case presents important issues that are 'capable of repetition, *yet evading review*' [citations] we may resolve the issues."  (*Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 122, italics added); accord, *People v. Segura* (2008) 44 Cal.4th 921, 925-926, fn.1.)  We agree that the issue is an important one and may arise with some frequency, but it is not an issue likely to evade review.  Appellant's claim is mooted solely because she had accumulated over 1,400 days of

---

[1]  Based on an intervening decision by the California Supreme Court in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), appellant no longer challenges the propriety of her presence credits.

2

presentence custody and conduct credits. Numerous cases should present the opportunity to rule on this issue before the expiration of the sentence imposed.[2]

DISPOSITION

The judgment is affirmed.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

_____

[2]   Given our resolution of this matter, appellant's October 2, 2012 request for judicial notice is denied because the information is irrelevant.

3